46 F.3d 1150
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles V. FARNSWORTH, Plaintiff-Appellant,
v.
Russel COBURN; Salt Lake County; Evonne Smith, Medical
Technician, Defendants-Appellees.
 No. 94-4193.
 United States Court of Appeals, Tenth Circuit.
 Jan. 18, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Farnsworth, a state inmate and pro se litigant, brought a 42 U.S.C.1983 action against another inmate, Russel Coburn, Salt Lake County, and various county officers and employees. Mr. Farnsworth had been assaulted by Mr. Coburn after filing a grievance that Mr. Coburn was violent and had generally threatened to kill another inmate.
 
 
 3
 Mr. Coburn struck Mr. Farnsworth in the mouth and tried to stab him with a pencil. The significant allegations by Mr. Farnsworth are:
 
 
 4
 Coburn was assigned to plaintiff's tier ... [he] began to display [bizarre] behavior ... he began pacing ... in an aggressive manner, rudely bumping into other members of the tier, and talking to himself, muttering things like, "racist mother[ ] ... I'll kill a mother[ ]".... He began demanding things like pencils and paper....
 
 
 5
 [Another inmate] ... filled-out an Inmate Request and Grievance Form to the staff.... The form was an appeal to jail staff informing them of this violent, potentially life threatening situation....
 
 
 6
 ....
 
 
 7
 [Much later the next day, about 10 p.m.] while watching T.V., Mr. Coburn suddenly turned the television from the program the rest of us were watching.... [And hit] me in the mouth....
 
 
 8
 A moment later, Mr. Coburn ... tried to stab me with a sharpened pencil.
 
 
 9
 Mr. Farnsworth claims Mr. Coburn and the other named defendants violated Mr. Farnsworth's Eighth Amendment Right to be free from cruel and unusual punishment by failing to protect him from the assault and by failing to give Mr. Farnsworth proper medical treatment. The district court sua sponte dismissed the complaint pursuant to 28 U.S.C.1915(d), and Mr. Farnsworth appeals.
 
 
 10
 The district court analyzed the complaint and agreed with the magistrate judge's conclusions that (1) Mr. Coburn did not act under color of state law and consequently the claim against him was frivolous, (2) no facts were alleged to hold the county liable thus the claim against the county was frivolous, and (3) no facts were alleged showing the individual defendants acted with deliberate indifference.
 
 
 11
 M r. Farnsworth appeals this decision asserting he has a constitutional right to be protected from violence while in custody and the defendants have a duty under the Eighth and Fourteenth Amendments to protect him from violence at the hands of other prisoners.
 
 
 12
 It is undisputed that Mr. Coburn as an inmate was acting in his individual capacity and not as a state actor, therefore, the district court's dismissal of the claim against Mr. Coburn was proper. Similarly, Mr. Farnsworth has not alleged any county policy that could support county liability, and thus, the court did not err in dismissing the claim against Salt Lake County.
 
 
 13
 For the remaining, individual defendants, the law we must apply is simple and uncontested. It is found in Farmer v. Brennan, 114 S.Ct. 1970 (1994). In Farmer, the Supreme Court held a prison official may be liable under the Eighth Amendment if (1) the harm or risk to the inmate was sufficiently serious and (2) the official acts with "deliberate indifference." Id. at 1979. "Deliberate indifference" to inmate health or safety only occurs if the official subjectively knows of the risk to the inmate. If the official knows the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it, then the official acted with deliberate indifference in violation of the Eighth Amendment. An obvious risk is equivalent to the official knowing of the risk. Id. at 1981. The requisite knowledge is a question of fact.
 
 
 14
 For Mr. Farnsworth to allege liability against Sheriff Kennard and Jail Commander Captain Gladd he had to present facts showing these defendants disregarded a serious risk of harm of which they were aware or the risk was blatantly obvious. In reviewing Mr. Farnsworth's complaint, it is unclear if he is alleging the officers had subjective awareness of his risk. A fair reading of the complaint shows the prison officials may have been negligent in failing to protect Mr. Farnsworth; however, they were not reckless.
 
 
 15
 The allegations of the complaint fail to show the requirements demanded by Farmer. Even if the allegations show the officials failed to alleviate a risk that could have been perceived, the disregard of bizarre behavior and the muttering of indefinite threats are not sufficient facts to show the prison officials disregarded a significant risk of harm. The allegations do not show the officials disregarded a serious risk of harm of which they were aware.
 
 
 16
 To successfully show Nurse Smith's liability, Mr. Farnsworth bears the same burden. He alleges she violated the Eighth Amendment by refusing to give medical attention to the cuts on Mr. Farnsworth's hands after the fight. Mr. Farnsworth alleges his hands were cut, he had been splattered with some of Mr. Coburn's blood, and he had heard an unverified rumor that Mr. Coburn may be HIV-positive. These allegations fail to show that Mr. Farnsworth was facing significant and serious harm. Therefore his claim against Nurse Smith is frivolous and properly dismissed.
 
 
 17
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470